**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DON D. DAVIS, | No. 09-36099 |
| Plaintiff - Appellant, | D.C. No. 6:08-cv-06354-AA |
| v. | |
| COMMISSIONER SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief District Judge, Presiding

Submitted March 8, 2011[**]
Portland, Oregon

Before: D.W. NELSON, THOMAS, and GRABER, Circuit Judges.

Plaintiff Donald D. Davis appeals from the district court's decision

dismissing his challenge to the administrative law judge's ("ALJ") determination

that Plaintiff is not disabled. Reviewing the district court's decision de novo and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

the ALJ's decision for substantial evidence, <u>Lockwood v. Comm'r Soc. Sec. Admin.</u>, 616 F.3d 1068, 1071 (9th Cir. 2010), we affirm.

1.  We do not address Plaintiff's arguments that the ALJ failed to comply with the district court's earlier remand order and that the ALJ violated the law of the case.  Plaintiff failed to raise those arguments before the district court, so they are waived.  <u>See</u> <u>O'Guinn v. Lovelock Corr. Ctr.</u>, 502 F.3d 1056, 1063 n.3 (9th Cir. 2007) (holding that arguments not raised before the district court generally are waived).

2.  The ALJ provided "clear and convincing reasons" for finding Plaintiff's testimony not fully credible.  <u>Smolen v. Chater</u>, 80 F.3d 1273, 1283–84 (9th Cir. 1996).  As the district court thoroughly explained, substantial evidence supported the ALJ's clear and convincing reasons, which include that Plaintiff's testimony contradicts the objective medical evidence and that Plaintiff repeatedly failed to seek treatment or to keep appointments.  <u>See</u> <u>id.</u> at 1284 (noting permissible bases for supporting an adverse credibility determination, including the failure to seek treatment or to follow treatment plans).

3.  The ALJ provided "specific and legitimate reasons" for giving little weight to some of the treating doctors' opinions.  <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1996) (internal quotation marks omitted).  In particular, the ALJ

found that the doctors' relevant opinions rested almost entirely on Plaintiff's subjective complaints which, as discussed above, the ALJ permissibly rejected. See Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) ("An ALJ may reject a treating physician's opinion if it is based to a large extent on a claimant's self-reports that have been properly discounted as incredible." (internal quotation marks omitted)). Additionally, the ALJ found that some of the opinions contradicted the doctors' own treatment notes. See id. (holding that a treating doctor's opinion that is "inconsistent with the medical records" is a permissible reason to reject that opinion).

4. The ALJ did not fail to consider the testimony of Dr. Rullman. In context, Dr. Rullman did not testify definitely that Plaintiff's condition met Listing 1.02; he testified only that, if all the medical evidence were credited, one reasonably could conclude that Plaintiff's condition met the listing. But, because the ALJ permissibly rejected much of the relevant medical evidence, the ALJ properly concluded that Plaintiff's condition did not meet Listing 1.02.

**AFFIRMED.**